ANTOON, Chief Judge.
Larry Donnell Anderson was charged with possession of cocaine and drug paraphernalia.[1] He filed a pretrial motion to suppress the contraband seized from his person at the time of his arrest, and the trial court granted the motion. The state appeals. We affirm.
After conducting a hearing on Mr. Anderson’s suppression motion, the trial court determined that the contraband was seized from Mr. Anderson as a result of an illegal pat-down. The state challenges the ruling, contending that the pat-down was incident to a lawful Terry stop. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). However, the state failed to submit evidence that, at the time he conducted the pat-down, the arresting officer had a reasonable belief that Mr. Anderson was armed with a dangerous weapon. See Shaw v. State, 611 So.2d 552, 555 (Fla. 1st DCA 1992) (holding that a pat-down for weapons can occur only when the officer has a reasonable belief based upon articulable facts that the person is armed). In fact, the arresting officer never testified that he believed that Mr. Anderson was armed. Under these circumstances the trial court was correct in concluding that the pat-down search, was not justified.
AFFIRMED.
DAUKSCH and PETERSON, JJ., concur.

. §§ 893.13, 893.147, Fla.Stat. (1997).